YOUNG (HOUSE v.). See Case No. 6,738.

## Case No. 18,159.

### YOUNG v. JONES et al.

[3 Hughes, 274.] [1]

Circuit Court, E. D. Virginia. Feb. 18, 1879.

FIRM TRADEMARK—RIGHTS OF PARTNER.

The exclusive right to use the trademark of a firm does not pass to any member of the firm by mere implication; but such member may use it, provided he do so in a manner not to deceive the public.

Injunction against use of a trademark.

HUGHES, District Judge. A bill was filed by the plaintiff on the 15th of January last, complaining of a violation of his trademark by the defendants, and making a case for a temporary restraining order under section 718 of the Revised Statutes; and the order was given, to stand until the 12th instant. A rule was given against the complainant, returnable on the 12th instant, which is now heard. The defendant files his answer and affidavits. The complainant files affidavits, and the case is heard on the defendants' motion to dissolve the temporary restraining order, and on the complainant's motion for a preliminary injunction until the cause shall be finally heard on plenary proofs. Smith, Snyder & Co. was a firm which established a valuable European reputation for a certain manufacture of sumac and bark, and their brand became valuable as a trademark. They were succeeded by the firm of Jones, Snyder & Young, which acquired an exclusive right to their trademark or brand,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

"Smith, Snyder & Co." The firm of Jones, Snyder & Young was composed in part of the firm of Jones, Bros. & Co., which was engaged in another business. This latter firm became insolvent, and went into bankruptcy. Previously to doing so, and in contemplation thereof, and by consent of all parties concerned, this firm of Jones, Bros. & Co. sold to N. J. Young, senior member of the firm of Jones, Snyder & Young, "all their right, title, interest, property, claim, and demand in or to the assets of the firm of Jones, Snyder & Young, as set forth in an itemized schedule" annexed to the assignment. This schedule contained a list of property and shipments of the firm, and did not enumerate either the good will or trademark, either of the firm of Jones, Snyder & Young, or of the original firm of Smith, Snyder & Co.

The question in this case is, whether the name and business of the firm was an asset of Jones, Snyder & Young. The interests of trademark and goodwill are omitted from express mention in this or any oral contract which accompanied the assignment to Young of the effects of Jones, Snyder & Co. It is well-settled law that upon the dissolution of a partnership each partner has a right, in the absence of stipulation to the contrary, to use the name and style of the partnership in any way consistent with the facts of their business which does not have the effect of deceiving the public. He may say successor to the late firm, and may make like representations. In the absence of express stipulations each partner may use the goodwill of the former partnership. It is also held that rights in the trademark are analogous to rights in the goodwill of a partnership. In the absence of express stipulation at the time of dissolution, each partner may go on and use the trademark of the firm. This right does not pass inferentially under a general assignment; but is like a man's skill in any kind of pursuit, it remains with him. See for this principle Banks v. Gibson, 11 Jur. (N. S.) 680. It has been a matter of some debate and contrariety of decision by the courts, whether one surviving partner after the death of the other succeeds to the goodwill of the firm; the better opinion now being that he does not. Hammond v. Douglas, 5 Ves. 539. Even where the goodwill of a prosperous business of eight years' duration has been sold by its proprietor along with the lease of the premises, and all the stock, wagons, and fixtures used in the business, which consisted of "Howe's Bakery," it was held in a leading case that the vendee had not the right to use the name "Howe" of the vendor, that not having been expressly mentioned in the contract of sale. Howe v. Searing, 10 Abb. Prac. 264; Colly. Partn. (last Ed.) 236; 2 Kent. Comm. 372, notes. On the want of right in the complainant, and not on the title to the trademark of the defendants, the injunction must be dissolved.